Kinsey C. J.
It is clear the persons whose names were
struck out were improper; and though I cannot approve of these challenges, made out of court in this extrajudicial manner, yet as the objection does not in the slightest manner impeach the fitness of the jury impannelled, or suggest the idea of any injurious consequences to the defendant, I do not think the challenge can be supported.
Smith J. assented.
Chetwood J.
hesitante.
*40 The plaintiff’s title was founded upon a deed from the sheriff of Burlington County, made to Inskeep, The property had been sold by virtue of an execution issued in Burlington, (upon a judgment obtained in Gloucester !¡) against the goods and lands of the father of defendant, now deceased.
After the plaintiff’s counsel had rested, defendant moved for a nonsuit on the following grounds'—
1st That no fi.fa. in Gloucester county had been shown, to warrant the issuing a testatum, under which the lands lying in Burlington had been sold by the sheriff;1 — there is nothing but an entry on the minutes, of this fi.fa. without which, all the subsequent proceedings were void, and no title could be acquired by the plaintiff, under the sale by the sheriff.
2d The original in Gloucester was only against goods, without mentioning lands, and therefore an insufficient foundation for the testatum under which real property has been sold.
3 d There is no inspection of the judgment roll and fi.fa. which is required on a judgment in the supreme court.
4th It has not been made to appear that there was not sufficient personal estate in Burlington to satisfy the execution, and lands are not liable to be seized unless there be such deficiency of personal property.
5th The testatum writ of execution, under which this property was levied upon, is tested out of term, being dated the 24th, when it appears the court rose on the 21 st, and is therefore insufficient to warrant the sheriff in proceeding under it.
The Court overruled the motion on all the points — As to the 1st, they held the original to be a matter of course, which may be supplied at any period, even after a motion made to vacate the testatum for the want of it. Barnes 200. Burdus v. Satchwell Ibid 208. Smith v. Phripp. Ibid 209. Sweetapple v. Atterbury. Ibid 211. Palmet v. Price. 2 Salk. 589.
As to the second point, they held that a fi. fa. against goods, warranted the testatum against lands, which were put upon the same footing, (a) and equally liable to be taken ?ft execution.
*41 The 3d point seemed somewhat dubious under fte 15 sec. of the Practice act, but upon consideration it was held that the words used, were not designed to make the inspection necessary in the supreme court, but related to the recording of proceedings there.
The hth reason assigned, is of no kind of weight.
The hth — the error pointed out here is deafly amendable. Wright v. Macevoy. (a)
In the charge to the jury, which was assented to by the court, the Chief Justice stated these positions-
That fraud was sometimes a question of law and sometimes of fact. (b) If the jury are satisfied from the evidence, that the Sheriff and Inskeep acted fraudulently in the sale of the premises, they should not be allowed to reap any benefit from such a transaction; and the plaintiff ought not to recover against the defendant, who was the heir at law.
If however the sheriff acted improperly, without any par* ticipation on the part of Inskeep in the fraud, no irregularity or impropriety in which he was not concerned, and with which he was unacquainted, ought to prejudice his rights, or vitiate the deed to him as the purchaser.

 All. N. J. Laws 129. Sec. 1,

 Sayer. 12.

 Note.- — See Ward v. Center 3 Johns. 171